UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FERNANDO ZARATE CARRILLO,<br><br>    Petitioner,<br><br>  v.<br><br>URIBE JR., Warden,<br><br>    Respondent. | No. CV 10-1204-DSF (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On February 17, 2010, Petitioner Fernando Zarate Carrillo, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

I.

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner: *Fernando Z. Carrillo v. V.M. Almager*, CV 08-3444 DSF (AGR) ("*Carrillo I*").

Petitioner was convicted of voluntary manslaughter with use of a firearm and sentenced to state prison for 21 years on October 2, 2002. (Petition 2.) On February 2, 2004, the California Court of Appeal affirmed the judgment. (*Id.* at 2-3.) On April 14, 2004, the California Supreme Court denied the petition for review. (*Id.* at 3.)

In *Carrillo I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on May 27, 2008.  (*Carrillo I*, Dkt. No. 1.)  The sole ground challenged imposition of an upper term sentence.  (*Id.* at 5.)  On July 28, 2008, this Court entered an Order Adopting Magistrate Judge's Report and Recommendation and a Judgment denying the petition with prejudice.  (Dkt. Nos. 8-9.)  On August 7, 2008, Petitioner filed a Notice of Appeal.  (Dkt. No. 10.)  On August 15, 2008, this Court issued an Order Denying Certificate of Appealability.  (Dkt. No. 13.)  On June 22, 2009, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  (Dkt. No. 16.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Carrillo I*.  (Petition at 2, 5.)  The Petition challenges the same imposition of an upper term sentence.  (Petition at 6 & Attached Memorandum.)  The Petition is a second or

successive petition because judgment was entered denying the petition with prejudice in *Carrillo I*. *See Beaty v. Schriro*, 554 F.3d 780 (9th Cir. 2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: 2/23/10

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented By:

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

3